UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DWAYNE SERRAO,

                Plaintiff,

-against-

CLAUDINE GRANT,

                Defendant.
------------------------------------------------------------X

**MEMORANDUM AND ORDER**
14-CV-7149 (RRM) (LB)

ROSLYNN R. MAUSKOPF, United States District Judge.

On December 8, 2014, plaintiff Dwayne Serrao, appearing *pro se*, filed this action against Claudine Grant. (*See* Compl. (Doc. No. 1).) Serrao paid the statutory filing fee to commence this action. The complaint is dismissed for lack of subject matter jurisdiction as set forth below.

**Background**

Serrao challenges a child support award obtained by Grant in Family Court of the State of New York, County of Kings. (Compl. at 1, ¶ III, Exhibits A-D.) He alleges that the Family Court's child support decision violates his rights under the "Fourteenth Amendment (Equal Protection)," and that the Family Court did not follow the Child Support Standard Act in determining the child support award. (*Id.* at 1, ¶ III.) Serrao's appeals to the Appellate Division and to the New York Court of Appeals were denied. (*Id.* at 1-2; Exhibits E-F.). He now seeks to "overturn the Family Court ruling," reimbursement "of all child support paid to Defendant," a recalculation of the child support award and a change of venue. (*Id.* at 2, ¶ IV.)

1

**Standard of Review**

In reviewing Serrao's complaint, the Court is mindful that, "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotations omitted). The Court is obliged to construe Serrao's pleadings liberally and interpret them as raising the strongest arguments they suggest. *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009).

If a plaintiff has paid the Court's filing fee, the district court may still dismiss the action, *sua sponte*, if it determines that the action is frivolous, *see Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000); *see also Hawkins-El III v. AIG Federal Savings Banks*, 334 F. App'x 394, 395 (2d Cir. 2009) (affirming district court's *sua sponte* dismissal of fee-paid frivolous complaint), or that the Court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). *See Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, __ (2011); *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).

**Discussion**

It is well-settled that "the whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States." *In re Burrus,* 136 U.S. 586, 593-94 (1890). "So strong is our deference to state law in this area that we have recognized a 'domestic relations exception' that 'divests the federal courts of power to issue divorce, alimony, and child custody decrees.'" *Elk Grove Unified Sch. Dist. v. Newdow,* 542 U.S. 1, 12-13 (2004) (quoting *Ankenbrandt v. Richards,* 504 U.S. 689, 703 (1992)). Here, plaintiff challenges state court order directing him to make child support payments, arguing that he should not have had the child support order entered against him because "no evidence or paternity test was presented to the Court." (Compl. at 1, ¶ III.) Without determining the merits of Serrao's claims, the Court cannot review his child support obligations as this is a matter of

state domestic relations law.  *See Donahue v. Pataki,* 28 F. App'x 59, 60 (2d Cir. 2002) (holding that federal court lacks jurisdiction over child support payments); *Joseph v. Stewart*, No. 13-CV-1678 (NGG), 2013 WL 3863915, at *2 (E.D.N.Y. July 24, 2013) (dismissing challenge to child support enforcement for lack of subject matter jurisdiction); *Csikota v. Tolkachev*, No. 08-CV-5283 (JBW)(LB), 2010 WL 370284, at *3 (E.D.N.Y. Jan. 29, 2010) ("The [domestic relations] exception has consistently been applied to child support judgments as well.") (citations omitted).

Furthermore, this Court cannot overturn decisions entered by the state courts, as it is well settled that federal district courts do not have jurisdiction "over challenges to state court decisions . . . arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional." *Dist. of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 486-87 (1983) ("*Rooker-Feldman*").  Under the *Rooker-Feldman* doctrine and as expressly provided by 28 U.S.C. § 1257(a), only the Supreme Court may review state court decisions.  *See id.*  Therefore, the domestic relations exception to federal jurisdiction and the *Rooker-Feldman* doctrine both require dismissal of Serrao's complaint for lack of subject matter jurisdiction.

<mark>3</mark>

**Conclusion**

Accordingly, the complaint is dismissed for lack of subject matter jurisdiction pursuant to the domestic relations exception and the *Rooker-Feldman* doctrine. Fed. R. Civ. P. 12(h)(3). Although Serrao paid the filing fee to commence this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court shall mail a copy of this Memorandum and Order and the accompanying Judgment to both the plaintiff and the defendant,[1] and note the mailing on the docket.

SO ORDERED.

*Roslynn R. Mauskopf*

Dated: Brooklyn, New York
December 22, 2014

_____
ROSLYNN R. MAUSKOPF
United States District Judge

---

[1] The defendant has not yet been served and has not yet appeared. According to the Summons issued on December 8, 2014, the defendant's address is 929 East 99th Street, Brooklyn, NY 11236.